# J. D. CHARLES v. STATE.

No. A-6582.  Opinion Filed July 20, 1929.
(279 Pac. 708.)

R. S. Howe, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, hereinafter referred to as the defendant, was convicted on a charge of selling a soda pop bottle full of whisky to one Harry Morris, and was sentenced to pay a fine of $100 and be imprisoned in the county jail for 30 days. Record was perfected, and the defendant has appealed to this court.

Harry Morris testified he was a deputy sheriff; he came over to Hugo from Soper; Homer Maloney and he went down into what is known as negro town in Hugo, and defendant sold him a soda pop bottle full of whisky, for which he paid $1.  Homer Maloney testified, in substance, to the same as did Harry Morris.  They did not arrest the defendant at the time they claimed they pur-

chased the whisky, but later on E. L. Ellis, the sheriff, went down to where they claim the defendant sold them the whisky, and they pointed the defendant out to the sheriff, and the sheriff arrested the defendant and placed him in jail.

In the trial of the case, when the state offered testimony as to what had been sold by the defendant, the defendant moved the court to require the whisky to be produced in court. When that was done, and while the testimony was being taken, the county attorney asked leave of the court to indorse the name of E. L. Ellis as a witness on the information, which was objected to by the defendant, on the ground that it was a surprise and that the county attorney had known all the time who the witnesses were and what he expected to prove by each of them. The motion of the county attorney was granted, and the name of E. L. Ellis indorsed on the information, and the defendant duly excepted. E. L. Ellis as a witness produced in court four soda pop bottles claimed to contain whisky, one of which was the one witnesses claim they bought from this defendant but they could not state which one of the bottles they bought from this defendant. This testimony was introduced over the objection of the defendant. When the state closed its testimony, the defendant closed without offering any testimony.

Several errors have been assigned by the defendant, the first being:

"That the court erred in overruling the defendant's motion for a new trial. To which the defendant excepted at the time and still excepts."

The testimony as to the sale of whisky in this case is positive and sufficient to sustain a conviction. The defendant complains of the error of the court in permit-

ting the name of E. L. Ellis, the sheriff of Choctaw county, to be indorsed on the information after the trial had begun and the greater part of the testimony had been taken. We do not think this is sufficient error to warrant this court in reversing the case, and especially in view of the record made by the defendant. If the defendant had asked time in which to prepare his defense in view of the fact that the state asked to indorse the name of E. L. Ellis as a witness on the information after the trial had begun, or asked for continuance on the ground of surprise in order to meet the testimony of the defendant and the court had refused to grant said motion of defendant, then the question as to the action of the trial court could be considered by this court, but the record does not disclose that the defendant made such a motion, and only objected to the court permitting the name to be indorsed on the information on the ground that it was a surprise to him. It would have been the better practice for the county attorney to have asked the court for permission to indorse the name of the witness Ellis on the information before the case was called for trial, as he should have known, if he did not, that the sheriff had the whisky alleged to have been purchased in his possession. The right of the state to have the name of the witness indorsed on the information after the trial has begun is within the sound discretion of the trial court, and, unless the record shows that the court abused that discretion, this court will not disturb the verdict on that ground. The objection of the defendant to the indorsement of the name of the witness on the information was properly overruled.

It is further contended by the defendant, and there is some merit in his contention, that the court should not have permitted the introduction of the four bottles of whisky in evidence that it did, as the defendant was only

charged with selling one bottle. Under the statute, it is the duty of the officers, when they seize whisky, or come into the possession of the same, to label it so as to identify it, and in this case the bottle they claim to have purchased from this defendant had not been labeled and preserved as provided by our statute. In view of the record in this case, we do not think this error sufficient to warrant a reversal of this case.

The defendant also complains of the action of the county attorney in his argument to the jury, in which he uses the following language:

"Nobody has told you anything to the contrary. We ask that the liquor be brought in and it has been brought in and showed to him. Witnesses have testified that it is liquor and there is not any denial of anything that has been said to you."

We do not think the language used is such as could be literally interpreted to mean that the county attorney had reference to the defendant when he made the statement, yet inferentially we are bound to conclude that he had the defendant in mind when he made the statement. He was getting very near the dividing line where the court prohibits the question of the failure of the defendant to testify being mentioned in the argument. The county attorney should refrain from in any way whatever making any statement that would be prejudicial to the rights of the defendant where he failed to testify. However, in this case we do not think the statement made comes within the rule prohibiting the county attorney referring to defendant's failure to testify, and the objection of the defendant was by the court properly overruled.

There are other errors complained of by the defendant. After a careful consideration of the record, we hold

42

they are without merit. In view of the record in this case, we believe the ends of justice would be properly met by a modification of the sentence from a fine of $100 to $50, and imprisonment in the county jail for 30 days, and, as so modified, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.